## City of Chicago v. M. L. Fields.

### Gen. No. 13,675.

1. INSTRUCTIONS—*when, upon preponderance of evidence, erroneous.* An instruction upon the subject of preponderance of evidence, as follows, is erroneous in that it assumed that the evidence sustained the plaintiff's case:

"If the jury find that the evidence sustaining the plaintiff's case

City of Chicago v. Fields.

preponderates in his favor, although but slightly, that it is sufficient for the jury to find the issues in his favor, and to find a verdict against the defendant."

2. INSTRUCTIONS—*what does not cure error.* An instruction purporting to state elements which, if proved, will warrant a verdict for a party, and so informing the jury, must be accurate and if erroneous will not be cured by any other instructions.

3. INSTRUCTIONS—*when failure to explain references improper.* It is improper to use in an instruction the phrase "the requirements of the law" without specifying in another instruction what such requirements are.

4. INSTRUCTIONS—*use of word "urged" criticised. Held,* that the word "urged" used in an instruction was of doubtful propriety, "alleged" being the appropriate word.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1907. Reversed and remanded. Opinion filed March 9, 1908.

JAMES H. LEWIS and JOHN R. CAVERLY, for appellant; CHAS. B. STAFFORD, of counsel.

ADAMS & FROEHLICH, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee recovered judgment against appellant in an action on the case, for injuries alleged to have been occasioned by a defective sidewalk in the city of Chicago. There is sufficient conflict in the evidence in respect to material matters to require that the instructions should be substantially accurate. The first instruction given at appellee's request is as follows:

"If the jury find that the evidence sustaining the plaintiff's case preponderates in his favor, although but slightly, that is sufficient for the jury to find the issues in his favor, and to find a verdict against the defendant."

The instruction plainly assumes that the evidence sustains the plaintiff's case. The verb to sustain, as used in the instruction, can only mean "to prove, to establish by evidence." Webster's dictionary. If the plaintiff's case

was established by the evidence, there was nothing for the jury to do except to find for the plaintiff. The court does not, by the instruction, inform the jury what the plaintiff's case is, or limit the jury to the declaration, as by the use next after the word case of the words, as stated in the declaration. Counsel for appellee, assuming that the vice of the instruction can be cured by other instructions, refers to instruction 3 given at appellant's request, in respect to the preponderance of the evidence. But an instruction purporting to state elements which, if proved, will warrant a verdict for a party, and so informing the jury, must be accurate, and if erroneous, cannot be cured by any other instruction. This, for the reason that the jury may have disregarded all other instructions and based their verdict solely on the erroneous instruction. "If an instruction directs a verdict for either party, or amounts to such direction, in case the jury shall find certain facts, it must, necessarily, contain all the facts which will authorize the verdict directed, * * * and the error in such an instruction is not obviated by giving conflicting instructions." Pardridge v. Cutler, 168 Ill., 504, 512; Lake Erie & West. R. R. Co. v. Wilson, 189 *ib.*, 89, 97–8; Ill. Iron & Metal Co. v. Weber, 196 *ib.*, 526; Ill. Cen. R. R. Co. v. Smith, 208 *ib.*, 608; Ill. Terra Cotta Lumber Co. v. Hanley, 214 *ib.*, 243.

The instruction in question being the first given, was well calculated to mislead the jury to appellant's prejudice. Although the Supreme Court has held that it is not error to give an instruction that if the evidence preponderates in favor of the plaintiff, although but slightly, the plaintiff may recover, yet that court has never held that the refusal of such an instruction would be error, and, as we have heretofore stated in other cases, we think such an instruction is likely to impress a jury that the court favors the party at whose request it is given. We think the giving instruction 1 reversible error.

The 3rd instruction for appellee commences thus: "If the jury believe from the evidence that the corporate authorities of the city of Chicago did not exercise all reasonable

care and supervision, according to the requirements of the law, as stated in the instructions herein, over that portion of the sidewalk where the injury in question is urged to have occurred, to keep it in good and safe condition," etc.   No instruction was given stating "the requirements of the law" as to the duty of the city in the premises, so that the instruction is, in that respect, meaningless.   Counsel for appellee say that the jury were advised by instruction 12, given for the defendant, what the requirements of the law are; but there were only eleven instructions given for the defendant. Defendant's instruction 12 was refused.   We do not like the word "urged" in the instruction.   The word alleged would have been better.   We merely call attention to this instruction with reference to a future trial.   Because of the error in giving appellee's first instruction, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*